IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 2:19-CR-16-KS-MTP

MICHAEL SMITH

### ORDER

Defendant Michael Smith was tried and convicted of possession of marijuana with the intent to distribute and possession of a stolen firearm. He filed a Motion for Bond Pending Sentencing [71], and the Magistrate Judge denied it [86]. Defendant filed a Motion to Revoke or Amend [91] the Magistrate Judge's order, arguing that his health condition renders him vulnerable to COVID-19, and that detention during the pandemic places his life in danger. He requests immediate release from custody upon whatever conditions the Court deems necessary to mitigate any potential danger to the community.

"If a person is ordered detained by a magistrate judge, . . . the person may file . . . a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b). "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." FED. R. CRIM. P. 46(c).

"A convicted defendant has no constitutional right to bail." *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006). "[A]ny putative right to bail derives from 18 U.S.C. § 3143, which establishes a presumption against its being granted." *Id.* The

statute provides, in relevant part: "[T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a).

Defendant does not dispute any of the Magistrate Judge's findings regarding the two relevant factors under § 3143(a). Rather, Defendant argues that he should be released because he has a chronic kidney disease which requires dialysis, and he falls within the population of people deemed vulnerable to the novel coronavirus that causes COVID-19. Unfortunately, these are not enumerated factors under 18 U.S.C. § 3143(a). Regardless of his health condition, Defendant is still required to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others if released. He did not even try to do so.

In briefing, Defendant cited 18 U.S.C. § 3142(i) as a basis for his release. The Fifth Circuit has not explicitly addressed whether § 3142(i) applies to convicted defendants who have been detained pending sentencing, but the Court concurs with the analysis of another district court in this Circuit, which has found that it does not apply in this context. *See, e.g. United States v. Thomas*, 2020 WL 1694302, at *2 (N.D. Tex. Apr. 3, 2020).

For these reasons, the Court **denies** Defendant Michael Smith's Motion to Revoke or Amend [91] the Magistrate Judge's order denying bond pending sentencing.

SO ORDERED AND ADJUDGED this 28th day of April, 2020.

                                                /s/   Keith Starrett
                                                  KEITH STARRETT
                                  UNITED STATES DISTRICT JUDGE